**AB**

KENNETH A. SANDLER
ATTORNEY AT LAW
701 Westerly Dr.
Marlton, NJ 08053-1070
(856) 596-0990/Fax (856)596-9593
atty.k@sandler-law.net
Attorney for Plaintiff, Jennifer R. Garner

| | |
|---|---|
| JENNIFER R. GARNER, | : UNITED STATES DISTRICT COURT |
| | : FOR THE EASTERN DISTRICT OF |
| Plaintiff, | : PENNSYLVANIA |
| | : |
| | : Civil Action No. 15- **15     183** |
| vs. | : |
| | : |
| PHILADELPHIA HOUSING AUTHORITY,: COMPLAINT and JURY DEMAND |
| ANTHONY SAMPSON, individually and in : |
| his capacity as Deputy Chief Information : |
| Officer of the Philadelphia Housing | : |
| Authority, | : |
| | : |
| Defendants. | : |

NOW COMES Plaintiff JENNIFER R. GARNER, by and through her

undersigned attorney, and says, by way of Complaint against Defendants PHILADELPHIA

HOUSING AUTHORITY and ANTHONY SAMPSON, as follows:

### Jurisdiction and Venue

1. This action is brought pursuant to:

(a) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.,* to

remedy discrimination on the basis of sex and retaliation for the exercise of protected activity,

including *inter alia* internal complaints of discrimination to the employer and formal charges of

discrimination with the United States Equal Employment Opportunity Commission;

(b)  The Equal Pay Act of 1963, 29 U.S.C. § 206(d), to remedy discrimination on the basis of sex;

©  The Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.,* to remedy discrimination and retaliation against an employee for the exercise of her right to medical leave, as guaranteed by said Act

(d) The Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, to remedy failure to pay overtime "at the rate of one and one-half times the regular rate" for all hours worked in excess of forty per week, 29 U.S.C. § 207, and to remedy retaliation against an employee for the exercise of his/her rights to complain about said failure of an employer.  29 U.S.C. § 215(a)(3).

2.  This action is also brought pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*, to remedy discrimination on the basis of sex and retaliation for the exercise of protected rights.

3.  Plaintiff, JENNIFER R. GARNER, resides at 2205 South Clarion Street, City and County of Philadelphia, Commonwealth of Pennsylvania.

4.  Defendant, PHILADELPHIA HOUSING AUTHORITY (also referred to herein as "PHA"), is a governmental body formed  pursuant to The Housing Authorities Law of 1937, and operates throughout the City and County of Philadelphia, with its headquarters situate at  12 S. 23rd Street, Philadelphia, PA 19103.                 .

5. Defendant ANTHONY SAMPSON has been employed at all relevant times herein as the Deputy Chief Information Officer of PHA and, upon information and belief, resides in the City and County of Philadelphia.

5. Until on or about March 25, 2013, Plaintiff was employed by Defendant PHA in the position of computer technician.

6. On or about March 25, 2013, Defendant PHA advised Plaintiff that she was being laid off from her position of computer technician and it offered her no alternative employment.

7. On or about May 11, 2010, Plaintiff filed a Charge of Discrimination with the Untied States Equal Employment Opportunity Commission (EEOC), alleging *inter alia,* disparate treatment on the basis of her sex (female) in and in retaliation for an internal complaint of the same. That charge was docketed at No. 846-2010-36122.

8. On or about March 22, 2013, Plaintiff initiated a Complaint of Discrimination with the Philadelphia Commission on Human Relations (PCHR), alleging *inter alia* disparate treatment on the basis of her sex,  harassment and retaliatory discharge.
That Complaint was docketed with PCHR at No. E13056223 and dual filed with EEOC at Charge No. 17G-2013-0015C and later transferred to EEOC for investigation in light of Plaintiff's prior charge with EEOC against Defendant PHA.

-2-

9.   On or about April 11, 2013, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission (PHRC), alleging *inter alia* sexual harassment, retaliation for various complaints of disparate treatment on the basis of sex resulting in her layoff or discharge, and disparate treatment in the March 25, 2013 layoff in which  position was eliminated but not that of two less senior male employees performing the same or similar functions.   That Complaint was docketed with PHRC at Case No. 201203697 and also with EEOC at No.17-F-2013-60898, but after responsive pleadings and initial investigation by PHRC (including a fact-finding conference) was later transferred to EEOC for further investigation in light of Plaintiff's prior charges with EEOC against Defendant PHA

10.    On October 17, 2014, Plaintiff received right to sue letters on the aforementioned  EEOC Charges.

11. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1334(a) (4), 29 U.S.C. §§ 216(b),c, 217,  29 U.S.C. § 2617, 42 U.S.C. § 2000e-5(f)(3).,

12. Compensatory, declaratory and injunctive relief is sought pursuant to 28 U.S.C. §§ 2201 and 2220, 29 U.S.C. § 2617, 42 U.S.C. § 1981(a), 42 U.S.C. § 2000e-5(f)(3) [and FLSA retaliation].

13. This Court has supplemental jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367.

-3-

14.  Since Defendants reside and/or have their principal place of business in this District and all of the unlawful employment practices complained of occurred in this District, venue is proper in this District pursuant to 42 U.S.C. § 2000E-5(f)(3), 29 U.S.C. § 1391, 29 U.S.C. § 2617(B)(2).

**PARTIES**

15.  Plaintiff is a female and all times relevant to this Complaint, who, on or about July 7,  1999, commenced  employment with Defendant PHA as a computer technician.

16.  Defendant PHA is an employer within the meaning of Title VII of the Civil Right Act of 1964, the Equal Pay Act of 1963, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act  of 1938, the Pennsylvania Human Relations Act, the Philadelphia Fair Practices Municipal Ordinance and any and all statutory enactments applicable to this Complaint.

17.  Defendant SAMPSON  has at all times relevant herein been a manager and agent of Defendant PHA and accordingly and clothed with the authority to take the actions he took or directed against Plaintiff.

-4-

**COUNT ONE**: DISPARATE TREATMENT IN DENIAL OF OVERTIME
OPPORTUNITIES & REPRISAL FOR COMPLAINTS OF SAME.

18. Plaintiff repeats and realleges each and every averment contained in the
preceding paragraphs of her Complaint as if set forth in full herein.

19. Plaintiff incorporates by reference EEOC Charge No. 846-2010-36122,
which is attached hereto as Exhibit "A" and the allegations set forth therein are realleged as if
set forth in full herein. [1]

20. To her knowledge, throughout her employment with Defendant PHA,
Plaintiff was the only female computer technician in its employ.

21. On or about November 4, 2009, Plaintiff complained to her manager,
Defendant ANTHONY SAMPSON (SAMPSON) about the disparity between the considerable
overtime assigned and/or approved for her male co-workers and the minimal overtime assigned
and/or approved for her.

22. On or about April 16, 2010, Plaintiff also filed a formal grievance through
her Union as to the overtime issue, including, specifically with reference to the absence of a
seniority list for Defendant PHA's assignment of said overtime.

---

[1] It is noted that the EEOC Charge misstates Plaintiff's date of hire as January 1999
when it was, in fact, July 1999. See ¶ 12 *supra*

23. Finally, on May 11, 2010, Plaintiff filed the EEOC Charge attached hereto as Exhibit "A."

24. By failing to assign or make available to Plaintiff the overtime opportunities afforded to her male co-workers, Defendant PHA engaged in an "unlawful employment practice," pursuant to 42 U.S.C. § 2000 e-2(a) discriminating against her in her "compensation, terms, conditions or privileges of employment" on the basis of her sex.

25. Following the filing of the EEOC Charge in 2010, Defendant PHA continued to fail to afford Plaintiff overtime opportunities commensurate with those afforded her male co-workers and even initially refused to pay her for overtime hours worked and attempted to compel her to take "compensatory time" instead until she complained to the United States Department of Labor, as is discussed at greater length *infra.*

26. Defendant PHA's actions as set forth in the preceding paragraph constitute "an unlawful employment practice" as they discriminated against her in the terms conditions or privileges of her employment because she "made a charge, testified, assisted, or participated in any manner in an investigation." 42 U.S.C. § 2000e-3(a).

27. As a proximate result of Defendant PHA"s "unlawful employment practices," Plaintiff has suffered pecuniary and non-pecuniary harm, including but not limited to, loss of income, expenditure of time and monies to lodge complaints with the employer

-6-

organization and with various governmental bodies or agencies, including, but not limited to,

the EEOC and the U.S. Department of Labor, pain, embarrassment, humiliation and emotional

distress.

28.  Pursuant to 42 U.S..C. § 2000e-5(g), Plaintiff is due relief by way of

reinstatement, back pay, and all other "affirmative action," which herein shall properly include

front pay, an award to compensate Plaintiff for her emotional distress, pain, embarrassment and

humiliation and any and all other relief to make her whole.

29.  Plaintiff is also due "reasonable attorney's fees( including expert fees) as

part of costs."  42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff respectfully requests judgment against

Defendant PHA, as follows:

(a) declaring that Defendant PHA's conduct has violated Title VII of the

Civil Rights Act, including 42 U.S.C. § 2000 e-2(a) and 42 U.S.C. § 2000e-3(a);

(b) awarding compensatory damages, liquidated and unliquidated,

including but not limited to, damages for mental distress and humiliation, embarrassment,

degradation, emotional and physical distress and other non-pecuniary losses as will fully

compensate Plaintiff for the injuries caused by Defendant's discriminatory conduct;

© awarding special and punitive damages;

(d) awarding back pay for overtime opportunities discriminatorily denied;

-7-

(e) awarding such other and additional relief as may be necessary to make Plaintiff whole;

(f) awarding reasonable attorney's fees for prosecuting this action;

(g) awarding Plaintiff and/or her counsel costs and disbursements in prosecuting this action;

(h) enjoining and permanently restraining all ongoing violations of law; and

(I) awarding all such other relief as this Honorable Court deems just and proper under the circumstances.

**COUNT TWO**: DISCRIMINATORY PRACTICES AS ALLEGED IN EEOC CHARGES PREMISED ON PCHR AND PHRC COMPLAINTS, INCLUDING HARASSMENT, SEXUAL HARASSMENT AND DISCRIMINATORY DISCHARGE

30. Plaintiff repeats and realleges each and every averment contained in the preceding paragraphs of her Complaint as if set forth in full herein.

31. Following the filing of her EEOC Charge on or about May 11, 2010, Plaintiff experienced harassment from Defendant PHA's management, in particular through ANTHONY SAMPSON, also named as a defendant herein.

32. Defendant SAMPSON began to follow Plaintiff, stare at her, make sexually explicit comments about his sexual prowess while keeping her in view.

-8-

33. Other employees and managers of Defendant PHA began to make comments about whether certain male-female interactions could constitute sexual harassment, in a clear attempt to disparage Plaintiff's complaints and humiliate her.

34. Another manager commented that with regard to "sexual harassment" that "women need to change the water bottles."

35. A co-worker asked another co-worker not to assist Plaintiff, including when Plaintiff was in the field repairing equipment and a co-worker refused to look up an address n a directory in the office.

36. Plaintiff's immediate supervisor, Ethan Chapman, held Plaintiff to a more rigorous standard than her male co-workers in the opening of new cases or tickets while on the Help Desk.

37. Plaintiff reported these various instances of harassment to the EEOC investigators in 2011 through 2013 and, also on or about May 15, 2013, a complaint was filed with the Philadelphia Commission on Human Relations, pursuant to the Philadelphia Fair Practices Municipal Ordinance and the Pennsylvania Human Relations Act, which Complaint was dual-filed with the EEOC.

38. Plaintiff incorporates by reference said PCHR Complaint, attached hereto as

-9-

Exhibit "B," and the allegations set forth therein are hereby realleged as if set forth in full herein.

39.  As noted in said PCHR Complaint, Defendant PHA effectively terminated Plaintiff's employment on March 25, 2013, by way of letter advising that she was being "placed on layoff status effective immediately" and that her position as "Computer Technician [was] being eliminated."  A copy of that letter is attached hereto as Exhibit "C."

40.  Two male employees hired in or about the autumn of 2012, and thus enjoying less seniority, and performing the same or similar functions to those within my job description as "computer technician" were, however, not laid off at that time, and as of the date of the PHCR Complaint continued in the employ of Defendant PHA.

41.  Following her lay off, on or about April 11, 2013,  Plaintiff also filed a complaint with the Pennsylvania Human Relations Commission (PHRC) relating *inter alia* to the disparate treatment accorded her by Defendant PHA's determination to lay her off as opposed to the two less senior male employees.

42.  Defendant PHA's determination to lay Plaintiff off and effectively terminate her employment of over twelve years constituted an "unlawful employment practice" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), discriminating against her on the basis of her sex or gender.

-10-

44.  As a proximate result of Defendant PHA"s "unlawful employment practices," 42 U.S.C.. § 2000e-2(a), Plaintiff has suffered pecuniary and non-pecuniary harm, including but not limited to, loss of income and benefits, expenditure of time and monies to lodge complaints with the employer organization and with various governmental bodies or agencies, including, but not limited to, the EEOC , PHCR and PHRC pain, embarrassment, humiliation, harm to reputation, adverse impact on career opportunities, loss of enjoyment of life  and emotional distress.

45.  Pursuant to 42 U.S..C. § 2000e-5(g), Plaintiff is due relief by way of reinstatement, back pay, and all other "affirmative action," which herein shall properly include front pay, an award to compensate Plaintiff for her emotional distress, pain, embarrassment and humiliation and any and all other relief to make her whole.

46.  Plaintiff is also due "reasonable attorney's fees( including expert fees) as part of costs."  42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff respectfully requests judgment against Defendant PHA, as follows:

(a) declaring that Defendant PHA'S conduct has violated Title VII of the Civil Rights Act, including 42 U.S.C. § 2000 e-2(a) and 42 U.S.C. § 2000e-3(a);

(b) an order compelling Defendant PHA to offer Plaintiff reinstatement to

-11-

the position held prior to her layoff or a comparable position, together with all seniority, foregone promotions and other perquisites necessary to place Plaintiff in the position she would have occupied absent Defendant's unlawful conduct;

© awarding compensatory damages, liquidated and unliquidated, including but not limited to, damages for mental distress and humiliation, embarrassment, degradation, emotional and physical distress and other non-pecuniary losses as will fully compensate Plaintiff for the injuries caused by Defendant's discriminatory conduct;

(d)  awarding special and punitive damages;

(e) awarding back pay and unpaid wages, a s well as accrued benefits;

(f) awarding such other and additional relief as may be necessary to make Plaintiff whole, including front pay in lieu of reinstatement;

(g)  awarding reasonable attorney's fees for prosecuting this action;

(h)  awarding Plaintiff and/or her counsel costs and disbursements in prosecuting this action;

(I) enjoining and permanently restraining all ongoing violations of law; and

(j) awarding all such other relief as this Honorable Court deems just and proper under the circumstances.

**COUNT THREE**:  DISCRIMINATORY PRACTICES AS ALLEGED IN PCHR AND PHRC COMPLAINTS, INCLUDING HARASSMENT, SEXUAL HARASSMENT AND DISCRIMINATORY DISCHARGE, PURSUANT TO

-12-

PENNSYLVANIA HUMAN RELATIONS ACT

47.   Plaintiff repeats and realleges each and every averment contained in the preceding paragraphs of her Complaint as if set forth in full herein.

48.   Defendant PHA's determination to lay Plaintiff off and effectively terminate her employment of over twelve years also constituted an "unlawful discriminatory practice" pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 955, discharging her from its employment because of her sex.

49.   As a proximate result of Defendant PHA's "unlawful discriminatory practices," 43 P.S. § 955, under Pennsylvania law, respectively, Plaintiff has suffered pecuniary and non-pecuniary harm, including but not limited to, loss of income and benefits, expenditure of time and monies to lodge complaints with the employer organization and with various governmental bodies or agencies, including, but not limited to, the EEOC, PHCR and PHRC pain, embarrassment, humiliation, harm to reputation, adverse impact on career opportunities, loss of enjoyment of life  and emotional distress

50.   Pursuant to 43 P.S. §  962(c)(3), Plaintiff is due relief by way of reinstatement, back pay, and all other "affirmative action," which herein shall properly include front pay, an award to compensate Plaintiff for her emotional distress, pain, embarrassment and humiliation and any and all other relief to make her whole.

51.   Pursuant to 43 P.S. §  962(c)(4), Plaintiff is also due " attorney's fees and

-13-

costs."

WHEREFORE, Plaintiff respectfully requests judgment against
Defendant PHA, as follows:

(a) declaring that Defendant PHA'S conduct has violated the
Pennsylvania Human Relations Act, 43 P.S. § 751 *et seq.*;

(b) an order compelling Defendant PHA to offer Plaintiff reinstatement to
the position held prior to her layoff or a comparable position, together with all seniority,
foregone promotions and other perquisites necessary to place Plaintiff in the position she would
have occupied absent Defendant's unlawful conduct;

© awarding compensatory damages, liquidated and unliquidated,
including but not limited to, damages for mental distress and humiliation, embarrassment,
degradation, emotional and physical distress and other non-pecuniary losses as will fully
compensate Plaintiff for the injuries caused by Defendant's discriminatory conduct;

(d)  awarding special and punitive damages;

(e) awarding back pay and unpaid wages, as well as accrued benefits;

(f) awarding such other and additional relief as may be necessary to make
Plaintiff whole, including front pay in lieu of reinstatement;

(g)  awarding reasonable attorney's fees for prosecuting this action;

(h)  awarding Plaintiff and/or her counsel costs and disbursements in
prosecuting this action;

-14-

(I) enjoining and permanently restraining all ongoing violations of law;

and

(j) awarding all such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT FOUR: UNLAWFUL DISCHARGE FOR EXERCISE OF RIGHTS UNDER FAMILY AND MEDICAL LEAVE ACT

52.   Plaintiff repeats and realleges each and every averment contained in the preceding paragraphs of her Complaint as if set forth in full herein.

53.   Due to a "serious health condition" involving "continuing treatment by a health care provider," 29 U.S.C. § 2611(11), Plaintiff requested "medical leave" pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2612(A)(1)(D) and Defendant PHA approved said request for the period from 01/06/2012 through 01/07/2013 on an intermittent basis.

54.   Plaintiff continued to perform most of her job functions as a computer technician during that period and was absent only infrequently as per her physician's instructions and for medical appointments.

55.   During the period encompassed by Plaintiff's medical leave, Defendant PHA solicited applications for the newly created position of "network technician."

-15-

56. Defendant PHA neither offered Plaintiff nor advised her of the "network technician" position.

57. In or about September 2012, Defendant PHA hired two male employees in the aforementioned position.

58. Shortly after said employees were hired and trained, Defendant PHA refused to assign Plaintiff to work in the field, including after the end of the approved FMLA leave.

59. After those employees were hired, Plaintiff was not assigned sufficient work such that she reported on several occasions to her immediate supervisor, network administrator Ethan Chapman well before the end of her workday that she had no work to perform.

60. Both of the male employees hired in the "network technician" position were new hires.

61. On March 25, 2013, Defendant PHA advised Plaintiff that her position was being eliminated and she was "on layoff status." See Exhibit "C."

62. Pursuant to the FMLA, 29 U.S.C. § 2614, "any eligible employee who takes leave under section 2612 .   .   . shall be entitled, on return from such leave —

-16-

(A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment."

63.    Through its hiring of the two male employees and its refusal to assign Plaintiff sufficient assignments to keep her fully occupied, Defendant PHA failed to comply with the FMLA and retaliated against Plaintiff for the exercise of her rights under that statute.

64.    Any interference with an employee's exercise of her rights under the FMLA is a "prohibited act." 29 U.S.C. § 2615.

65.    Defendant PHA acted willfully in violating Plaintiff's rights under the FMLA. 29 U.S.C. § 2617(C)(2).

66.    Pursuant to 29 U.S..C. § 2617 (A)(1) (a)(I), Plaintiff is entitled to recover "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation," as well as "equitable relief .   . . including employment, reinstatement and promotion." 29 U.S..C. § 2617 (A)(1)(B).

67.    Further, Plaintiff is entitled to recover "a reasonable attorney's fee, reasonable expert witness fees, and other costs" from Defendant PHA for its FMLA violation. 29 U.S..C. § 2617 (A)(3).

-17-

68. As a proximate result of Defendant PHA's violation, Plaintiff has suffered los of her longstanding position of employment with said employer, benefits and emoluments thereof and is entitled to be made whole for said losses and for all other damages permissible under this statutory enactment.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant PHA, as follows:

(a) declaring that Defendant PHA'S conduct has violated the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*;

(b) awarding Plaintiff compensatory damages for all economic loss suffered, including but not limited to back pay, front pay, compensation for loss of benefits and opportunities for advancement;

(d) awarding special and punitive damages;

(e) awarding such other and additional relief as may be necessary to make Plaintiff whole, including front pay in lieu of reinstatement;

(f) awarding reasonable attorney's fees for prosecuting this action;

(g) awarding Plaintiff and/or her counsel costs and disbursements in prosecuting this action;

(h) enjoining and permanently restraining all ongoing violations of law; and

(I) awarding all such other relief as this Honorable Court deems just and proper

-18-

under the circumstances.

### COUNT FIVE: RETALIATION, INCLUDING DISCRIMINATORY LAYOFF  FOR PLAINTIFF'S PROTECTED ACTIVITY OF COMPLAINING TO U.S. DEPARTMENT OF LABOR AS TO NON-PAYMENT OF OVERTIME HOURS

69.   Plaintiff repeats and realleges each and every averment contained in the preceding paragraphs of her Complaint as if set forth in full herein.

70.   At all times relevant herein, Defendant PHA was an "employer," as such term is defined in the Fair Labor Standards Act.  29 U.S.C. § 203 (d).

71.   At all times relevant herein, Plaintiff was an "employee," as such term is defined in the Fair Labor Standards Act (FLSA).  29 U.S.C. § 203(e)(1).

72.   In or about 2012, Plaintiff complained internally, including through Defendant PHA's Office of Audit and Compliance that she had not received overtime pay for hours worked.

73.   Specifically, Plaintiff complained to Defendant SAMPSON, who had authority to approve said payments, and as a "person acting directly or indirectly in the interest of an employer," 29 U.S.C. § 203 (d), is deemed to be an employer and held liable for violations of the FLSA.

-19-

74. Defendant SAMPSON initially denied Plaintiff's requests for overtime pay and improperly sought to compel her to accept "compensatory time" in lieu thereof.

75. As no remedial action was taken by Defendant PHA's Office of Audit and Compliance., on or about September 26, 2012, Plaintiff complained to the United States Department of Labor, Wage and Hour Division, Philadelphia Office (US DOL), which investigated the matter.

76. It was only after a communication between an agent of the US DOL and Defendant SAMPSON on September 24, 2012, that Plaintiff was paid the outstanding overtime. hours.

77. At or about the same time, Plaintiff was transferred to work in close proximity to Defendant SAMPSON and he monitored her activity to an excessive degree.

78. At or about the same time, Plaintiffs' job duties were reduced to an extent that she was not fully occupied during the entirety of the work day, and finally on March 25, 2013, her position was "eliminated" and she was placed on layoff, her duties  effectively being assumed by two newly hired male employees, who not made any administrative complaints against Defendants.

79. Defendants actions in reducing Plaintiff's job assignments, eliminating her

-20-

position and then selecting her for layoff constitute a "prohibited" and "discriminatory" act in retaliation for her protected activities under the FLSA. 29 U.S.C. § 215.

80.   As a proximate result of said prohibited acts, Plaintiff has suffered loss of her position with Defendant PHA and emotional pain, embarrassment and humiliation.

81.   Pursuant to the FLSA, Plaintiff is entitled to receive compensation for the economic damages suffered "and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b), as well as "reasonable attorney's fees" and "costs of the action." Id.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants PHA and SAMPSON, as follows:

(a) declaring that Defendant PHA'S conduct has violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

(b) awarding Plaintiff compensatory damages for all economic loss suffered, including but not limited to back pay, front pay, compensation for loss of benefits and opportunities for advancement;

(d)  awarding special and punitive damages;

(e) awarding such other and additional relief as may be necessary to make Plaintiff whole, including front pay in lieu of reinstatement;

(f)  awarding reasonable attorney's fees for prosecuting this action;

-21-

(g)  awarding Plaintiff and/or her counsel costs and disbursements in prosecuting

this action;

(h) enjoining and permanently restraining all ongoing violations of law; and

(I) awarding all such other relief as this Honorable Court deems just and proper

under the circumstances.



Respectfully submitted,


$\underline{\quad 1/17/2015 \quad}$
DATED

KENNETH A. SANDLER
Attorney for Plaintiff, Jennifer R. Garner


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff
demands a jury trial on all issues so triable.

DATED: $\underline{\quad 1/17/2015 \quad}$

KENNETH A. SANDLER
Attorney for Plaintiff, Jennifer R. Garner

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 846-2010-36122 |

| Pennsylvania Human Relations Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Jennifer Garner** | **(267) 632-2571** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **2205 South Clarion Street, Philadelphia, PA 19148** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **PHILADELPHA HOUSING AUTHORITY** | **500 or More** | **(215) 684-4000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2500 Jackson Street, Philadelphia, PA 19145** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest / Latest |

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☒ OTHER (Specify) **EPA**

Earliest: **01-01-2000**   Latest: **05-11-2010**

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe I have been subjected to unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. I am employed with Respondent as a PC Tech. My date of hire was January 1999. I believe the discrimination is disparate treatment because of my gender. The specifics are as follows:

I alleged I have been denied overtime because of my gender. Overtime is assigned in secrecy. Similarly situated male employees routinely receive substantially more overtime than I am given. Richard Brown, Ed McCarthy and Robert Kaewell routinely work overtime which I believe add up to several hundred hours of overtime. The routinely work late and during weekends. In the past year I have been assigned only fourteen – twenty one hours of overtime. Beginning in 2000 I have routinely requested overtime from individuals charged with assigning overtime. I have made these requests o Faisal Hassan, Paul Fuentes, Ethan Chapman and Anthony Sampson. On or about January 10, 2008 I insisted upon receiving a performance evaluation. In the years preceding the request Respondent had not evaluated my evaluation. On July 15, 2009 I requested overtime in writing and indicated males were receiving overtime and I was not. On or about October 23, 2009 I was given a performance evaluation with an across the board rating of needs improvement. I alleged the rating was reprisal for complaining about discrimination.

I allege the foregoing constitutes unlawful discrimination in violation of TVII.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

May 11, 2010

Date          Charging Party Signature

EXHIBIT B

Jennifer Garner
    Complainant

                **v.**                         PCHR CHARGE NO.   E13056223
                                                   EEOC CHARGE NO.   17G-2013-00151C

Philadelphia Housing Authority
    Respondent

## COMPLAINT

### INTRODUCTION AND PARTIES

1. This is my complaint of discrimination in employment.

2. This complaint involves actions that were taken against me.  I live at the following address: 2205 South Clarion Street, Philadelphia, PA 19148.

3. This complaint involves actions that were taken by Philadelphia Housing Authority; its address is: 1800 South 32nd Street, Philadelphia, PA 19145.

4. My relationship with the Respondent began in July 1999 and continued through March 23, 2013. I was a Computer Technician at the Respondent.

### JURISDICTION

5. The conduct took place within the city of Philadelphia at the following address: 1800 South 32nd Street, Philadelphia, PA 19145.

6. The Respondent employs more than 15 people.

7. The Respondent is covered by the Philadelphia Fair Practices Ordinance.

8. The actions taken against me occurred less than 300 days ago.

### COMPLAINT OF DISCRIMINATION

#### Count I Sexual Harassment

9. I was subject to harassment based on sex.  I am a female.

10. Facts that show I was subject to harassment based on sex are:

    A. Overtime wages were withheld up through the end of September of 2012.  James (LNU) (PHA Police Officer) told me it was because I did not talk to Manager Anthony Sampson (male) enough.

1

Jennifer Garner v. Philadelphia Housing Authority

B. Beginning in November 2012, Manager Anthony Sampson (Deputy CIO) (male) stared at me for long periods of time.

C. The staring led others to believe that something was going on between us. Tony Deleon (Data Technician) (male), Ethan Chapman (Direct Supervisor) (male), various consultants, would see him staring for long period. These individuals would look at him, look at me, and then look down.

D. In November 2012, Sampson commented to Derwood Hankinson (co-worker) that when he was younger he went "crazy when girls shake their asses." Sampson made this comment loud enough for me to hear while looking directly at me.

E. Sometime in November Sampson and Stacey Thomas (Human Resources Labor Relations Specialist) had my work location moved to be near Sampson despite the history I had of complaining about Sampson. Sampson began to supervise my time and time off requests.

F. In December 2012, Sampson made a comment to Tony DeLeon about "getting his piece" to intimidate me. This was stated in the context of discussing a park bench that had been moved outside his home. Sampson made this comment loud enough for me hear while looking directly at me.

G. Throughout November, December, January, and February Anthony Sampson followed me around. I could see him looking at me from the corner of his eye. He had no purpose for being where he was when he was staring at me.

H. Throughout November, December, January, and February Anthony Sampson would stand at the copier or near my desk looking at me. He walked past my desk frequently and rubbed his hand across the barrier.

I. In January 2013, Sampson told DeLeon that he better act right or he'll be "302'd." Sampson made this comment loud enough for me to hear while he looked directly at me.

J. Sampson's comment and his staring at me made me uncomfortable and I reported his behavior to Tracey Reid, EEO Officer for the Respondent, as well as to the Office of Audit and Compliance (OAC) in January 2013.

K. I can tell that Tracey Reid (Human Resources) spoke to Sampson because he started staying away. I emailed her and told her in February of 2013 that I wanted to hold off on the complaint.

L. Sampson went right back to behaving poorly.

## Count II Retaliation

11. Paragraphs 1-10 are herby incorporated in full as if each one is stated more fully at length herein.

12. I was subject to harassment based on having complained of harassment.

2

Jennifer Garner v. Philadelphia Housing Authority

13. Facts that show I harassed based on having complained of harassment include:

    A. Sampson started coming back to my desk looking at me again.

    B. In February 2013, Chief Information Officer Faisel Hassain (male) made a comment to Wanda Wilkerson (female), Programmer, about 'filing a complaint of sexual harassment' if she followed him too close in her car. Hassan made this comment while standing at my desk.   These comments were made just after I complained to human resources.

    C. On or about February 2013, Sampson's wife, Jackie Sampson, started glaring at me during my work day.  Sampson is also a manager.  This behavior began shortly after I complained about her husband.

    D. On March 27, 2013, I was laid off from my job as Computer Technician.

    E. The explanation given to me for the layoff was that my position had been eliminated.

14. The Respondent's explanation is untrue for the following reasons:

    A. Two male techs, John Morrow and David Phun, were hired after me, but, were not laid off.

    B. Morrow and Phun did the same work I did, while I was on intermittent leave, although they had different job titles.

    C. The Respondent gave Morrow and Phum work that I was capable of doing and was part of my job responsibilities.

    D. I was instructed not to take work from any other technicians.  This was done to make my job obsolete.

    E. John Morrow and David Phun are now doing my job.

    F. Morrow and Phun were hired to do some of my work while I was on intermittent Family Medical Leave.

    G. All performance evaluations have been good.

    H. The Office of Audit and Compliance overturned all write-ups and unsatisfactory performance evaluations.  I was told by the union (Kaheem Boles) that they were "bogus" and retaliatory.  This included docked pay which was returned to me, lack of progressive discipline, and a write up for having a bad evaluation, and for having two sick occurrences in a quarter.  The union determined that there were no applicable policies and that reference was made to fictitious policy.

3

Jennifer Garner v. Philadelphia Housing Authority

## REQUEST FOR RELIEF

A. As a result of the Respondent's discrimination, I have suffered damages and request the Respondent compensate, reimburse, and provide any and all appropriate relief including but not limited to all pay and benefits I would have received had it not been for Respondents' illegal actions.

B. I wish to be awarded punitive damages as permitted by applicable law in an amount believed by the Commission to be appropriate to punish Respondents for their willful, deliberate, malicious, and outrageous conduct and to deter Respondents or other employers from engaging in such misconduct in the future.

C. I wish to be awarded the costs and expenses of this action as provided by applicable federal and state law.

D. In addition I request that the Respondent provide training and offer more opportunities for women.

## CONCLUSION

E. I hereby authorize the Philadelphia Commission on Human Relations to serve this complaint upon the Respondent, investigate my complaint and the facts related thereto, and to file my complaint under the laws of the Pennsylvania Human Relations Commission and/or the U.S. Equal Employment Opportunity Commission, if applicable.

F. I request that my file be reviewed under all applicable laws enforced by the Commission to satisfy the procedural and administrative requirements for proceeding under federal or state laws should it become necessary.

I declare under penalty of perjury that all of the information that I have provided in this complaint is true, correct, and complete to the best of my knowledge, I acknowledge that false statements on this complaint are punishable by state law, 18 Pa. C.S. § 4904 (unsworn falsification to authorities).

5/15/13

May 15, 2013

Jennifer Garner

4

EXHIBIT C



**Philadelphia Housing Authority**
Building Beyond Expectations

12 SOUTH 23RD STREET · 215.684.4000
PHILADELPHIA, PA 19103 · www.PHA.PHILA.GOV

Monday, March 25, 2013


MS. JENNIFER GARNER
2205 S CLARION STREET
PHILADELPHIA, PA 19148


Dear Ms. Garner:

This letter is to inform you that your position as a Computer Technician is being eliminated on March 25, 2013. Accordingly, you will be placed on layoff status effective immediately.

You will receive a severance package equivalent to one (1) week salary less tax withholdings and applicable payroll deductions. The severance pay will be paid as part of PHA's regular payroll cycle.

In addition, PHA offers a no-cost, confidential employee assistance program to assist you in managing this change. For further information please call Magellan at (800) 432-4374.

You are required to return all PHA property and equipment to the Human Resources Department immediately. Please use the enclosed form to check off the items that you are returning.

Please contact the Benefits Office at (215) 684-4051 to schedule a meeting to close out your benefits. A COBRA Notice will be mailed to your home regarding continuation of health coverage options.

For pension related questions, please contact the Pension Administrator at (215) 684-3586.

For any unused accumulated vacation time, you will be paid for it as per the 2012 Employee Handbook.

If you have any questions, please contact the Human Resources Department at (215) 684-4065.

PHA greatly appreciated your services. Best wishes on your future endeavors.

Sincerely,

Joanne R. Strauss
Executive Vice President, Human Resources


Enclosure